By the Court.—Sedgwick, Ch. J.
The first objection to the recovery, is, that this cause of action was never assigned to the plaintiff. Certain goods were obtained from the father of the plaintiff by the defendant by false representations as their jury has found. Shortly after the goods were so obtained, the defendant gave the notes, on which this action is brought. The plaintiff’s father died and his executrix assigned by writing certain things to the plaintiff. There is no doubt that the notes were assigned. If it were important tó be determined, it is doubtful whether the cause of action for damages was assigned by reason of the promissory note being transferred, unless it is within the clause, and all the property of every nature and description which belonged to said William Ryle, deceased, and which were used, employed or invested by said William Ryle, now deceased, in and about his business, of the purchase and sale, and manufacturer of silk and silk goods, &c.” It may be doubted whether this cause of action for damages was ever used, employed or invested in the btisiness.
The matter is not pertinent, for the plaintiff’s ownership of the notes is sufficient to sustain this action, provided he alleges and proves, as he has, that the debts evidenced by the notes were incurred by the fraud of the defendant (§ 549, Code Civ. Pro.).
There is another suggestion, that in purchasing the goods originally there was a distinct and definite debt created. That if afterwards these notes were given by an arrangement subsequent to the sale, it could not be sensibly claimed that the giving of these notes were for any fraudulent purpose, or that there was fraud in making them. There is no basis of fact for this argument to rest upon, for it cannot be *176 held on the testimony as matter of law that the giving of the notes was not provided for in the original bargain.
The plaintiff was allowed to give in evidence another statement than that made to the plaintiff’s assignor by defendant of his property and debts. It was in writing. It was objected to as not being contemporaneous in such a sense as to justify its being admitted as evidence. The date of the statement was September 3, 1880, and of the present transaction, March, 1881. The former statement was allowed to remain in the hands of his brokers for the purpose of being used by them in selling his notes down to the time of his insolvency. In this way it was a question for the jury, whether it was not a continuous statement from him, so long as it remained in his broker’s hands.
The defendant when on the stand as a witness, was asked whether he still had charge of the operation of the machinery, formerly owned by him, for his assignee. There was no ground for the exclusion of this question. It was no more than asking on cross-examination the business or employment of a witness.
The conveyances to and from Mr. Brower were relevant, as tending to show the legal ownership of property, that the defendant represented to be his own.
The request, which implied that in order to recover in • the action, the plaintiff must satisfy the jury, that his assignor parted with the goods solely upon defendant’s representation, was properly 'denied. It would be enough if the plaintiff satisfied the jury, that the goods would not have been parted with unless the defendant had made the false representations.
Judgment affirmed with costs, and order appealed from affirmed, with $10 costs.
O’Gorman, J., concurred.